**UNITED STATES of America,**
**Plaintiff, Appellee,**

v.

**Joseph M. CRAVEIRO,**
**Defendant, Appellant.**

**No. 89–2043.**

United States Court of Appeals,
First Circuit.

Heard May 9, 1990.

Decided July 6, 1990.

Arthur R. Silen, with whom Serra, Jordon and Carbone, P.A., Boston, Mass., were on brief, for defendant, appellant.

Seymour Posner, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief, for plaintiff, appellee.

Before BREYER, Chief Judge, BOWNES, Senior Circuit Judge, and TORRUELLA, Circuit Judge.

BOWNES, Senior Circuit Judge.

Joseph M. Craveiro appeals the enhanced sentence imposed on him following his conviction for violating 18 U.S.C. § 922(g), which prohibits a convicted felon from possessing a gun.[1] After Craveiro was tried and convicted, but before he was sentenced, the government filed an "Information Charging Prior Offenses," notifying the court that he had been convicted previously of two violent felonies and a serious drug offense, and was therefore subject to an enhanced prison term under the sentence enhancement provision of the Armed Career Criminal Act (the ACCA), *codified at* 18 U.S.C. § 924(e)(1).[2]

The government filed the information after discovering a slip opinion of this court holding that a conviction under Massachusetts law for breaking and entering qualified as a predicate offense for sentence enhancement under the ACCA. *United States v. Patterson*, No. 88–1497, slip op. (1st Cir. April 26, 1989) (withdrawn for

---

**1.** Section 922(g) provides in pertinent part:
 (g) It shall be unlawful for any person—
 (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

 . . . . .

 to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**2.** Section 924(e)(1) provides:
 In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.
Section 924(e)(2) defines the terms "serious drug offense" and "violent felony."

unrelated reason, May 17, 1989).[3] Craveiro had two previous convictions which were clearly ACCA offenses (one for armed robbery in Massachusetts, another for conspiracy to distribute a controlled substance in Rhode Island). In addition, he had a Rhode Island conviction for entering a dwelling with intent to commit larceny. If the latter offense also constituted a violent felony under the ACCA, Craveiro would have the three prior convictions specified by statute and enhancement of his sentence would be mandatory.

At Craveiro's sentencing hearing on October 17, 1989, the judge ruled that the Rhode Island breaking and entering felony was sufficiently analogous to the statute in *Patterson* to constitute a predicate offense and sentenced defendant to seventeen years imprisonment, consecutive to a federal sentence he was then serving. Craveiro contends that the government's failure to apprise him at the time of his indictment for illegal gun possession that it would seek an enhanced sentence based on his previous convictions violated his statutory and constitutional rights. He does not contest the court's finding that he had three qualifying convictions.

## DISCUSSION

### A. Statutory Argument

Craveiro first argues that the government's failure to notify him at the time of his indictment that it would seek application of the ACCA was contrary to the intent of Congress as to the procedural protections to be afforded a criminal defendant facing sentence enhancement. Cra-

veiro characterizes the ACCA as one of a family of related federal statutes imposing increased sentences on recidivists.[4] Although the ACCA contains no reference to notification, the other statutes in this "family" expressly require written pre-trial or pre-plea notification of the prosecutor's intent to seek sentence enhancement. Craveiro contends that Congress intended to incorporate such a requirement into the ACCA. Since it did not, and since the legislative history contains no discussion about notification, he argues that the statute is ambiguous. Therefore, he urges us to apply the rule of statutory construction that ambiguity in a penal statute should be resolved in favor of lenity and interpret the ACCA to require pre-trial notification.

We reject this approach for three reasons. First, there is no language in the ACCA or in the statute's legislative history pertaining to notification requirements or procedures. Contrary to defendant's assertion, Congress's silence does not render the statute ambiguous. We believe that defendant "reads much into nothing." *Albernaz v. United States*, 450 U.S. 333, 341, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1980) (ambiguity is not to be assumed from legislative silence on the point at issue and where there is no ambiguity in a statute, the rule of lenity does not apply). As the government points out, in the absence of legislative history regarding prior notice, the only thing that ought to be inferred from the lack of a notice provision is that Congress, knowing it could have mandated a prior notice procedure of some kind, as it did in the 1970 Controlled Substances Act and Organized Crime Control Act, chose not to

---

**3.** Shortly before Craveiro was scheduled to be sentenced, the government filed a motion to continue the sentencing because the initial *Patterson* opinion had been withdrawn, to be replaced by a new opinion. The motion was granted. On August 23, 1989, we issued a new opinion in *Patterson* holding that the defendant's convictions for violating the Massachusetts breaking and entering statutes were predicate offenses under the ACCA. *See United States v. Patterson*, 882 F.2d 595 (1st Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 737, 107 L.Ed.2d 755 (1990).

**4.** *See* Organized Crime Control Act of 1970, 18 U.S.C. § 3575(a) (1982) (repealed 1984) (en-

hanced sentence for dangerous special offender status based on interest in protection of public and examinations of prior convictions, patterns of criminal activity, or conspiracy to engage in criminal activity);

Controlled Substances Act of 1970, 21 U.S.C. § 849(a) (1982) (repealed 1984) (enhanced sentence for dangerous special drug offender based on similar criteria);

Controlled Substances Import and Export Act, 21 U.S.C. § 962 (1982) (double penalties for second or subsequent conviction, as established by procedure set forth in 21 U.S.C. § 851(a)(1)).

do so. "It is not a function of this Court to presume that 'Congress was unaware of what it accomplished....'" *Id.* at 341–42, 101 S.Ct. at 1143–44 (citation omitted). Furthermore, Congress has twice examined and revised the terms of the ACCA since it was first enacted, without considering the addition of a notification requirement either time.[5]

The second reason we reject defendant's argument that the statute should be construed to include a pre-trial notice requirement is that unlike the "dangerous special offender" statutes that he cites, section 924(e) is mandatory, thus eliminating any need for notice.[6] *See, e.g., United States v. Feldhacker*, 849 F.2d 293, 299 (8th Cir. 1988) ("It is a self-executing and mandatory provision of law, addressed by Congress to sentencing courts. This is the kind of direction that Congress unquestionably has the right to give, subject only to constitutional limitations....") (referring to 18 U.S.C. § 3147, which enhances the sentence of a person convicted of an offense committed while on release, without requiring pre-trial or pre-plea notice). In contrast, the "dangerous special offender" statutes place discretion to seek enhanced sentencing in the hands of the government and discretion to determine whether a defendant is a "special offender" and "danger-

ous" with the court.[7] Whereas reasonable minds could differ as to whether a defendant is "dangerous," prior convictions are, for the most part, "highly verifiable matters of record." *United States v. Rumney*, 867 F.2d 714, 719 (1st Cir.1989).

A third reason for rejecting defendant's statutory argument is that two of the statutes cited have been repealed. The Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 212, 98 Stat. 1987 (1984) repealed both 18 U.S.C. § 3575 and 21 U.S.C. § 849(a). In their place, the Act requires the United States Sentencing Commission to specify sentences at or near the maximum term authorized by statute for adult defendants convicted of crimes of violence or certain drug trafficking offenses, if they have at least two prior convictions for such crimes. *See* 28 U.S.C. § 994(h), (i) (Supp. V 1987).[8] If the ACCA ever did belong to a family of federal criminal statutes providing extra procedural protection for recidivist defendants, it is now an orphan. Moreover, another federal criminal statute, recently amended to impose increased penalties for subsequent offenses, contains no notice requirement.[9]

■ Defendant also argues for a remand because the prosecutor's failure to provide pre-trial notice was contrary to Department of Justice Policy. The Department of Jus-

---

**5.** The sentence enhancement provision that is the basis of defendant's appeal was first enacted as part of the Comprehensive Crime Control Act of 1984, ch. XVIII, § 1802, Pub.L. No. 98–473, 98 Stat. 1837, 1976, 2185 (originally codified as 18 U.S.C. app. § 1202(a)). The enhancement provision at first applied only to firearms violators with three prior burglary or robbery convictions. It was amended and recodified in 1986, and its scope expanded to include firearms violators with three prior convictions for any violent felony or serious drug offense. Firearms Owners' Protection Act, Pub.L. No. 99–308, § 104, 100 Stat. 449, 456 (1986); Career Criminals Amendment Act of 1986, Pub.L. No. 99–570, § 1401, 100 Stat. 3207, 3207–39.

**6.** Section 924(e)(1) states that a person who violates section 922(g) and who has three previous convictions of specified types, *"shall* be fined not more than $25,000 and imprisoned not less than fifteen years." (Emphasis added).

**7.** Under 18 U.S.C. § 3575 and 21 U.S.C. § 849(a), whenever a U.S. Attorney charged

with the prosecution of a defendant has reason to believe that the defendant is a "dangerous special offender", he or she *"may"* seek an enhanced sentence and, if it appears to the district court by "a preponderance of the information" that the defendant is a dangerous special offender, then the defendant receives an enhanced sentence. A defendant is "dangerous" for purposes of these statutes if a period of confinement longer than that provided for defendant's charged felony is required for the protection of the public. 21 U.S.C. § 849(f); 18 U.S.C. § 3575(f).

**8.** Guideline 4B1.1 of the Sentencing Guidelines implements this mandate.

**9.** 8 U.S.C. § 1326, as amended Nov. 18, 1988, Pub.L. No. 100–690, Title VII, § 7345(a), 102 Stat. 4471, enhances the criminal penalty of a previously deported alien who is convicted of re-entering, or being found in the United States without the consent of the Attorney General, if the alien's deportation was subsequent to a felony conviction.

**264**

tice's "Handbook on the Comprehensive Crime Control Act of 1984," issued soon after the act was passed in order to assist federal prosecutors in its implementation, recommends that "procedures similar to those provided in 18 U.S.C. § 3575 (concerning notice for dangerous special offenders) should be followed...." Handbook, p. 196. But the internal guidelines of a federal agency, that are not mandated by statute or the constitution, do not confer substantive rights on any party. *See United States v. Michaud*, 860 F.2d 495, 497 (1st Cir.1988) (citing cases); *United States v. Busher*, 817 F.2d 1409, 1411 (9th Cir. 1987) (defendant not entitled to rely on United States Attorneys' guidelines where manual stated it did not create any rights enforceable at law by any party). The preface to the Handbook explicitly states: "As is the situation with regard to other Departmental policies, compliance is expected in all cases but a failure to comply is not intended to confer any rights on a defendant or another party in litigation with the United States." Handbook, p. iii.

■ Although we would normally expect the government to give a defendant pre-trial notice of possible sentence enhancement, we hold that there is no statutory requirement that it do so. Here the government had good reason for not doing so; it was not known at the time of Craveiro's trial that his Rhode Island breaking and entering conviction came within the terms of the statute.

### B. Constitutional Arguments

Craveiro also argues that the lack of notice deprived him of his constitutional rights to due process and equal protection. We address these contentions in turn.

■ First, procedural due process does not require pre-trial notice of the possibility of enhanced sentencing for recidivism. It requires only reasonable notice of and an opportunity to be heard concerning the prior convictions. *Oyler v. Boles*, 368 U.S. 448, 452, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962); *United States v. Rundle*, 318 F.2d 64, 66 (1962); *United States v. Towne*, 680 F.Supp. 687 (D.Vt.1988), *modified on other grounds*, 870 F.2d 880 (2d Cir.1989), *cert. denied*, — U.S. —, 109 S.Ct. 2456, 104 L.Ed.2d 1010 (1989).[10] *Compare United States v. Rumney*, 867 F.2d 714 (1st Cir. 1989) (joining nine other circuits in holding that the heightened penalty provision of the ACCA is a sentence enhancer rather than a substantive crime, and therefore holding that the defendant's indictment need not have alleged the three prior felonies). In the case before us, the government notified defendant of the ACCA's applicability through its Information Charging Prior Offenses, filed over a month before the original date set for sentencing. Between August 25, when the final decision in *Patterson* was handed down, and October 11, when a hearing was held to resolve motions pending in the case, and October 17, when defendant was sentenced, Craveiro had additional time to prepare his opposition. He had the opportunity to contest the record as to his prior convictions at both of the October hearings. Consequently, we find no due process impediments to his section 924(e)(1) enhanced sentence.

■ Craveiro argues next that to impose an enhanced sentence without pre-trial notification would be to deprive him of the procedural protections enacted by Congress for the benefit of all persons similarly situated. As the government points out, in order to prevail on a claim of selective enforcement of a statute in violation of a defendant's constitutional right to equal protection, the defendant would have to show that his selection was "deliberately

10. Defendant contends that *Oyler* is inapplicable because it involved a Fourteenth Amendment challenge to a state recidivist statute rather than a Fifth Amendment challenge to a federal statute. We see no reason to distinguish the process due in *Oyler* and its progeny from that required here. *See United States v. Kearney*, 750 F.2d 787, 790 (9th Cir.1984) (due process satisfied where defendant convicted under the Assimilative Crimes Act, 18 U.S.C. § 13, of driving under the influence of alcohol on a federal military installation received notice before pleading guilty that he was subject to greater penalties based on his previous record, and received opportunity to challenge that at sentencing proceeding, even though information charging defendant with instant offense did not allege prior conviction).

based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Oyler v. Boles,* 368 U.S. at 456, 82 S.Ct. at 506 (conscious exercise of some selectivity in enforcement of a statute is not in itself a federal constitutional violation). *See also Harrington v. United States,* 673 F.2d 7, 10–11 (1st Cir.1982) (absent allegation of discriminatory purpose, mere failure of those who administer law to treat all violators equally does not constitute denial of equal protection). Since there is no claim that the prosecutor failed to bring up ACCA's applicability until after trial for any reason other than that it was not established that a Rhode Island breaking and entering conviction should count as a predicate offense under the statute, there was no denial of equal protection due to selective enforcement.

 Nor do we think that Congress's failure to provide a pretrial notification requirement in the ACCA, when it had established such a requirement under other sentence enhancement statutes, violated Craveiro's right to equal protection. Equal protection guarantees that similar individuals will be dealt with in a similar manner by the government. Legislative classification or "drawing lines" does not violate equal protection when it distinguishes persons as dissimilar upon some permissible basis in order to advance the legitimate interests of society. *See* R. Rotunda, J. Nowak and J. Young, *Treatise on Constitutional Law: Substance and Procedure* § 18.2 (1986). Craveiro's allegation that individuals sentenced under the ACCA are treated differently than those sentenced under other statutes does not form the basis of an equal protection claim.

Finally, Craveiro argues that the lack of pre-trial notice deprived him of his right to make a free and fully informed decision whether to plead guilty or go to trial. His hypothetical and totally meritless claim is that if the government is permitted to seek sentence enhancement after his conviction at trial, it could also have done so after a plea of guilty made without notice that the ACCA applied. This argument is purely hypothetical because Craveiro pled not guilty and proceeded to trial. It is meritless because it ignores the protection provided by Rule 11 of the Federal Rules of Criminal Procedure to a defendant who pleads guilty. Likewise, Craveiro's contention that if he had received notice of the ACCA's applicability at the time of his indictment, he might have tried to plea bargain to lesser charges is groundless. There is no constitutional right to plea bargain. *Weatherford v. Bursey,* 429 U.S. 545, 561, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977).

The sentence imposed by the district court is

**AFFIRMED.**