**UNITED STATES of America,**

v.

**Steven G. GOSE, Defendant.**

**No. CRIM.02–112–P–C.**

United States District Court, D. Maine.

May 6, 2003.

Gail M. Latouf, Westbrook, ME, for Defendant.

Jonathan A. Toof, Office of the U.S. Attorney, Portland, ME, for Plaintiff.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Senior District Judge.

Now before the Court is Defendant Steven G. Gose's Motion to Withdraw his Plea

of Guilty ("Def's Mot. to Withdraw Plea") (Docket Item No. 15), entered into at a Rule 11 hearing before this Court on December 19, 2002. A hearing on this motion was held before this Court on May 1, 2003. Defendant Gose alleges that at the time his plea was entered, he lacked knowledge of the consequences of his guilty plea because the Government failed to advise him at that time that it would seek a sentence enhancement for obstruction of justice. Defendant asserts that because he did not have this knowledge at the time he pled guilty, his plea was not voluntary, intelligent, and knowing as required by Rule 11. *See* Def's Mot. to Withdraw Plea at 3.

## I. Facts

On October 5, 2002, federal and state law enforcement agents executed a search warrant issued by this Court for the house and lot in Peru, Maine, rented by Defendant Steven Gose. Law enforcement agents and a Drug Enforcement Administration (DEA) chemist discovered a fully operational methamphetamine laboratory containing residual amounts of methamphetamine and semi-processed chemicals indicating that the laboratory had recently been "cooking" methamphetamine. Amended Prosecution Version (Docket Item No. 11) at 1. Forensic tests on the laboratory equipment showed residual amounts of a substance that tested positive for methamphetamine. *Id.*

While the search of Defendant's residence was taking place, other law enforcement agents arrested Defendant, on an unrelated outstanding Androscoggin County warrant, at the residence of a friend in North Turner, Maine. Shortly after his arrest, and after waiving his *Miranda* rights, Defendant told agents that he and another individual had used the laboratory to manufacture methamphetamine approxi-

mately three times since moving into the Peru, Maine, property. *Id.* at 1–2. On December 19, 2002, Defendant pled guilty to the offense of manufacturing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The plea was accepted by the Court after a full Rule 11 hearing.

The day after Defendant entered his plea of guilty, the Government informed defense counsel that it possessed evidence that Defendant had attempted to obstruct justice by seeking to hire someone to murder witnesses and to help a co-conspirator flee the country.[1] The Government advised defense counsel that it intended to use this information to seek a sentencing enhancement for Defendant under the United States Sentencing Commission Guidelines ("Guidelines"). Defendant now argues that he would not have entered a plea of guilty on December 19, 2003, if the Government had disclosed its allegation and evidence of obstruction of justice to Defendant and advised him that it would seek a sentencing enhancement on this basis and that, for these reasons, his plea was not voluntary, intelligent, and knowing. *See* Def's Mot. to Withdraw Plea at 3.

## II. Discussion

In *U.S. v. Santiago*, 229 F.3d 313 (1st Cir.2000), the Court of Appeals for the First Circuit discussed at length the requirements and factors to be considered when a defendant seeks to withdraw a guilty plea:

A defendant has no absolute right to withdraw a guilty plea prior to sentencing; rather, he must demonstrate a "fair and just reason" for seeking to withdraw his plea. *See U.S. v. Gonzalez*, 202 F.3d 20, 23 (1st Cir.2000). In its determination of whether a defendant has shown a

---

1. The Government indicated that an undercover police officer, posing as an assassin-for-hire, had met with Defendant in jail to discuss such a scenario.

sufficient reason for withdrawing his guilty plea before sentencing, the court focuses primarily on whether the plea was voluntary, intelligent and knowing within the meaning of the rule governing plea colloquies. *See id.* at 23. In addition, the district court must consider several other factors: "(1) the plausibility and weight of the proffered reason; (2) the timing of the request; (3) whether the defendant asserted legal innocence; and (4) whether the parties had reached, or breached, a plea agreement." *U.S. v. Marrero–Rivera,* 124 F.3d 342, 347 (1st Cir.1997). The court must also consider "any demonstrable prejudice to the government were the defendant allowed to withdraw the plea." *Id.* at 347.

*Santiago,* 229 F.3d at 316–317. *See also* FED. R. CRIM. P. 32(d) ("If a motion for withdrawal of a plea of guilty . . . is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason."). The defendant has the burden to show that a fair and just reason exists to support the withdrawal of his plea. *See United States v. Parrilla–Tirado,* 22 F.3d 368, 371 (1st Cir.1994).

In *United States v. Cotal–Crespo,* 47 F.3d 1 (1st Cir.1995), the Court of Appeals for the First Circuit stated that only a violation of one of Rule 11's "core concerns" mandates that the plea be set aside. According to *Cotal–Crespo,* Rule 11's core concerns are: (1) absence of coercion, (2) understanding of the charges, and (3) knowledge of the consequences of the guilty plea. *Id.* at 4. Defendant's reason for withdrawing his guilty plea centers on the third core concern: that because he did not know of the potential sentence enhancement, he did not possess knowledge of the consequences of his guilty plea. Defendant's Reply to Government's Response to Defendant's Motion to Withdraw

his Plea of Guilty ("Defendant's Reply") (Docket Item No. 20) at 4. Although Defendant admits that the Government is not mandated to provide pretrial discovery of sentencing information, nonetheless Defendant contends that this evidence "should have been given" to Defendant before the Rule 11 hearing. *Id.* at 4, 5.

■ The Court finds that there is no basis whatsoever to conclude that the guilty plea was other than knowingly and intelligently entered. A full inquiry was made at the Rule 11 proceeding, and Defendant affirmatively asserted that he fully understood his rights and acknowledged that he was guilty as charged. *See* Transcript of Rule 11 Proceedings at 7–11. Only after he had learned of the Government's intention to seek the sentencing enhancement did he undertake to indicate that he rued his plea. The reason given was not that he was coerced or did not understand the charges against him but that he was misled and, therefore, could not have properly understood the consequences of his guilty plea. The question is, therefore, whether the respect in which he asserts he was misled meets the legal standard of a fair and just cause to withdraw his guilty plea.

The Court finds that the opinions of the Court of Appeals for the First Circuit in *United States v. De Alba Pagan,* 33 F.3d 125, 127 (1st Cir.1994), and *United States v. Gonzalez–Vazquez,* 34 F.3d 19, 22 (1st Cir.1994), are controlling of Defendant's claim in this matter. The defendant in *Alba Pagan* sought to withdraw his guilty plea, arguing that at the time he pled guilty, he did not understand that as a consequence of his plea, his sentence would be based partly on relevant conduct that he did not admit to at his change-of-plea hearing. *Alba Pagan,* 33 F.3d at 127. The court rejected this reason as a basis

for permitting the defendant to withdraw his plea. In no uncertain terms, and citing support from numerous other circuits, the court held:

> [A] defendant's lament that he misjudged the consequences of his guilty plea, without more, is not a fair and just reason for setting the plea aside. By the same token, the fact that a defendant misapprehends the likely guideline sentencing range does not constitute a fair and just reason for withdrawing a guilty plea.

*Id.* (citing *United States v. Williams*, 919 F.2d 1451, 1456 (10th Cir.1990); *United States v. Bradley*, 905 F.2d 359, 360 (11th Cir.1990); *United States v. Stephens*, 906 F.2d 251, 253 (6th Cir.1990); *United States v. Jones*, 905 F.2d 867, 868 (5th Cir.1990); *United States v. Sweeney*, 878 F.2d 68, 69–71 (2d Cir.1989)).

In *Gonzalez–Vazquez*, the Court of Appeals for the First Circuit again rejected a defendant's reasons in support of his motion to withdraw a guilty plea. In that case, the defendant pled guilty to conspiracy to import heroin and to possess heroin with the intent to distribute it. In return for his guilty plea, the Government agreed to recommend a sentence at the low end of the guideline sentencing range ("GSR"). *See Gonzalez–Vazquez*, 34 F.3d at 21. Approximately four months after tendering his guilty plea, defendant moved to withdraw it. The district court denied the motion and at his sentencing invoked a sentencing enhancement provision based on the defendant's possession of a dangerous weapon that, in combination with his criminal history score, resulted in a GSR of 262–327 months. *See id.* at 21–22. In arguing that he should be allowed to withdraw his plea, the defendant asserted that he did not understand the consequences of his decision to tender that plea because he did so with the understanding that the government would recommend a sentence at the low end of a GSR that defendant believed would be 210 months and, in fact, he ended up being sentenced to a much higher range. *See id.* at 22.

The court, however, did not accept this explanation. "Stripped of rhetorical flourishes ... [defendant's] core complaint appears to be that he did not realize that his GSR would be so formidable." *Id.* The court pointed out that the defendant appeared to have miscalculated what his likely sentence would be, given that he had hoped there would be no weapons enhancement. Making reference to its earlier decision in *Alba Pagan*, the court stated: "It is a fact of law and life, too basic to warrant citation of authority, that a criminal defendant cannot jettison a guilty plea knowingly, intelligently, and voluntarily made merely because the sentencing judge calls a tune that is not to the defendant's taste." *Id. See also United States v. Bierd*, 217 F.3d 15, 22 (1st Cir.2000) (Court did not err by not informing defendant of all sentencing enhancements he might face); *United States v. Torres–Rosa*, 209 F.3d 4, 9 (1st Cir.2000) ("[T]he fact that a defendant finds himself faced with a stiffer sentence than he had anticipated is not a fair and just reasons for abandoning a guilty plea.").

Likewise, Defendant in this case appears to have miscalculated what his likely sentence would be, given his assumption that no obstruction of justice enhancement would apply. Although Defendant argues that he did not "misapprehend" or "miscalculate" his sentence because he did not engage in obstruction of justice and, therefore, could never have fathomed that this enhancement would apply, the Court does not see it this way. The Court will carefully look at the evidence underlying this requested enhancement to determine if, in fact, Defendant engaged in such obstruc-

tion of justice and, if it finds there is not enough evidence to support such an enhancement, one will not be applied in any event. If the Court finds there *is* sufficient evidence to support a sentence enhancement based on obstruction of justice, then this situation is no different from the defendant in *Gonzalez–Vazquez* who calculated his likely sentence with the hope and assumption that no weapons enhancement would apply but who, in the end, received a higher sentence than he expected within the statutory range when the sentencing judge decided that the defendant's sentence should account for his additional activities.

As the Government pointed out in its brief and on cross-examination at the hearing on Defendant's motion, Defendant's sentence cannot be higher than the twenty-year statutory maximum, regardless of whether the obstruction enhancement applies or not. *See* Objection to Defendant's Motion to Withdraw Guilty Plea and Incorporated Memorandum of Law (Docket Item No. 18) at 5. In accordance with First Circuit precedent, this Court does not accept Defendant's contention that because his sentence might now fall at a higher position within that twenty-year range, this is a fair and just reason for allowing the withdrawal of his guilty plea.

Defense counsel places principal reliance upon the case of *United States v. Craveiro,* 907 F.2d 260 (1st Cir.1990), and particularly upon a statement made therein:

> Although we would normally expect the government to give a defendant pre-trial notice of possible sentence enhancement, we hold that there is no statutory requirement that it do so.

*Id.* at 264. The Court went on to find specifically that the government had good reason for not doing so in the *Craveiro* case. The Court concludes that the statement cited does not represent a considered and accurate statement of the present law. First of all, *Craveiro* is distinguishable because there the defendant went to trial rather than tendering a guilty plea. After being convicted, he contended that "the government's failure to apprise him at the time of his indictment for illegal gun possession that it would seek an enhanced sentence based on his previous convictions violated his statutory and constitutional rights." *Id.* at 262. This Court cannot conceive of any reason why the government should be perceived to be required to give a defendant notice of a likely sentence enhancement prior to *seeking and obtaining an indictment against him.* The *Craveiro* court concluded that it was not so obliged. The court in *Craveiro* does not explicate any explanation or basis for its statement that the court would normally expect the government to give a defendant pretrial notice of a possible sentence enhancement when it was, admittedly, not obliged to do so. No convincing reason for such an expectation can be imagined. Further, in all but the rarest and most exceptional cases, it would be *impossible* for the government to accurately predict, even after conviction had occurred, what the properly applicable sentencing enhancements might be under the Guidelines.

Second, the *Craveiro* court concluded that the failure to give that notice did not violate any of the defendant's statutory rights and passed on to a discussion as to whether it violated any of his constitutional rights. It noted that such a claim was both hypothetical and meritless. The defendant argued that if the government is permitted to seek sentence enhancement after his conviction at trial, it could also be permitted to do so after a plea of guilty made without notice that the proposed enhancement applied, as if the latter was forbidden. This argument was dismissed

by the court, not only as hypothetical but as meritless "because it ignores the protection provided by Rule 11 of the Federal Rules of Criminal Procedure to a defendant who pleads guilty." *Id.* at 265. It is clear that the measure of that protection afforded under Rule 11 is to be understood in the context of the *Alba Pagan* and *Gonzalez–Vazquez* holdings definitively articulating that a failure to apprehend a possible basis of sentence enhancement within the statutory sentencing range cannot be a fair and just cause for withdrawal of a guilty plea. Accordingly, the Court has treated the cited, obviously "throwaway," statement in the *Craveiro* opinion as an insufficient basis for contravening the clear holding of the *Alba Pagan* and *Gonzalez–Vazquez* cases.

■ Defendant also now argues that he is innocent of manufacturing methamphetamines, and that he pled guilty only to protect his girlfriend and best friend. However, the Court does not find Defendant to be credible in making this claim. First, Defendant made no mention of his alleged innocence at his Rule 11 hearing. The following exchange took place at this hearing:

> THE COURT: Mr. Gose, have you tendered this plea of guilty to this charge made in this indictment because you are in fact guilty as charged therein and for not other reason?
>
> DEFENDANT: I'm guilty as charged.
>
> THE COURT: Is that the only reason for pleading guilty?
>
> DEFENDANT: Yes.

Transcript of Rule 11 Proceedings at 7. Later, the Court again asked him, "You do acknowledge that you did on at least one occasion manufacture methamphetamine as charged in this indictment; is that correct?" Defendant answered, "Yes." *Id.* at 18. It was not until after he knew of the possible sentencing enhancement that he first claimed he was innocent.[2]

Further, at the hearing on Defendant's motion to withdraw his guilty plea held on May 1, 2003, the Court again asked Defendant if, when he pled guilty, he believed he was guilty, and Defendant replied, "Yes." The Court pointed out that Defendant had testified that he pled guilty because he felt he would be convicted regardless of his guilt or innocence given the amount of evidence against him. Defendant agreed with this representation, and when the Court asked him if he knew of any new evidence that would make it less likely that a jury would find him guilty, Defendant replied, "No." Having failed to effectively deny his culpability, the Court will not "give weight to a self-serving, unsupported claim of innocence raised judicially for the first time after the Rule 11 hearing." *United States v. Ramos,* 810 F.2d 308, 313 (1st Cir.1987).

## III. Conclusion

For the reasons stated herein, the Court finds that Defendant has not met his burden of showing a fair and just reason to withdraw his guilty plea. It is ORDERED that Defendant's Motion to Withdraw his Plea of Guilty be, and it is hereby, DENIED.

■

---

2. Defendant first asserted his innocence to the charge alleged in the indictment during a January 6, 2003, presentence investigation interview with a United States Probation officer. *See* Interoffice Memorandum of January 7, 2003, from United States Probation Officer Eric Storms (Docket Item No. 12).