**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RONNIE GLENN TRIPLETT,

    Defendant - Appellant.

No. 05-6061
(D.C. No. 04-CR-62-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

Defendant-Appellant Ronnie Glenn Triplett, pursuant to a plea agreement,

pled guilty to two counts (Counts 1 and 2) of distribution of methamphetamine,

21 U.S.C. § 841(a)(1), and one count (Count 4) of felon in possession of a firearm

and ammunition, 18 U.S.C. § 922(g)(1). The plea agreement limited his right to

appeal his sentence. The district court applied the Armed Career Criminal Act

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

("ACCA"), 18 U.S.C. § 924(e)(1), and sentenced him to 188 months imprisonment followed by three years of supervised release. Mr. Triplett, appearing pro se, appeals the district court's enhancement of his sentence pursuant to the ACCA and argues that the district court erred, on several other grounds, in sentencing him. We have jurisdiction under 28 U.S.C. § 1291. Finding the plea agreement enforceable as to certain issues, we dismiss the appeal in part; and addressing the remaining issues on the merits, we affirm the sentence.

## Background

The parties are familiar with the facts in this case, and we need only repeat those pertinent to our discussion here. The plea agreement contained the following waiver of appellate rights:

> Defendant understands that a sentencing guideline range for his case will be determined by the Court under the guidelines issued by the U.S. Sentencing Commission. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty. Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, give[s] him the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:
> \* \* \*
> Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range

determined by the Court to apply to this case. . .

> It is provided that (I) defendant specifically does not waive the right to appeal an upward departure from the sentencing guideline range determined by the Court to apply to this case, and (ii) his waiver of rights to appeal and bring collateral challenges shall not apply to appeals or challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement that are held by the Tenth Circuit or Supreme Court to have retroactive effect.
>
> The defendant is specifically limited to conditionally challenge the application of the Armed Career Criminal Act (ACCA) to Count 4 (18 U.S.C. § 922(g)(1)) and the application of the [Career Offender, U.S.S.G. § 4B1.1, enhancement] to Counts 1 and 2. . . No other sentencing guideline issue or ruling by the Court may be challenged collaterally or on direct appeal.

R. Doc. 22 at 6-7.

After Mr. Triplett entered into the plea agreement, but before he was sentenced, United States v. Booker, 125 S. Ct. 738 (2005), was decided. On February 1, 2005, Mr. Triplett was sentenced. During sentencing, the district court examined and adopted the findings of the pre-sentencing report ("PSR"), which recommended an enhanced penalty under the ACCA. The PSR chronicled Mr. Triplett's extensive criminal history, citing four prior convictions which are pertinent to our discussion here. On May 30, 1996, in the same Oklahoma state court proceeding, Mr. Triplett was convicted, upon a plea of guilty, for the following: (1) possession of a controlled dangerous substance with intent to distribute stemming from a May 10, 1995 search of the defendant's home; (2)

possession of a sawed-off shotgun arising from a November 14, 1995 search of a residence; and (3) trafficking in illegal drugs stemming from a January 24, 1996 search of his hotel room. In a separate judicial proceeding on January 17, 1997, he was convicted for manufacturing a controlled dangerous substance.

The district court found three of Mr. Triplett's four prior convictions qualified for purposes of the ACCA and that the ACCA applied. As a result, the statutory minimum sentence Mr. Triplett could receive was 180 months imprisonment. See 18 U.S.C. § 924(e)(1). In addition, the district court enhanced Mr. Triplett's base offense level by finding he possessed a firearm and ammunition in connection with a controlled substance offense. See U.S.S.G. § 2K2.1(b)(5). After reducing his sentence three levels for acceptance of responsibility, § 3E1.1, the district court concluded Mr. Triplett's total offense level was 31. In addition, pursuant to §§ 3D1.2(c) and (d) the district court grouped Counts 1 and 2 together with Count 4 and applied the higher offense level of Count 4 to Counts 1 and 2. As such, based on a total offense level of 31, with his criminal history category of VI, Mr. Triplett's guideline range was 188 to 235 months for each count. The district court sentenced him to 188 months on each count to run concurrently followed by three years of supervised release.

On appeal, Mr. Triplett contends that the district court erred on many grounds in imposing his sentence. Although his arguments overlap at times and

are less than clear, he appears to contend that district court erred in the following respects: (1) determining that methamphetamine is a Schedule II controlled substance; (2) imposing his sentence based on impermissible factors; (3) failing to give consideration to parole after Booker; (4) employing the remedial portion of Booker to his sentencing in violation of the Due Process Clauses; and (5) applying the ACCA to enhance his sentence.

## Discussion

*1. Waiver of Appellate Rights*

Because this issue is dispositive of some of Mr. Triplett's appeals, we must first determine whether to enforce the plea agreement between Mr. Triplett and the government. We have both "statutory and constitutional subject matter jurisdiction over appeals when a criminal defendant has waived his appellate rights in an enforceable plea agreement." United States v. Hahn, 359 F.3d 1315, 1324 (10th Cir. 2004) (en banc). "Given the importance of plea bargaining to the criminal justice system, we generally enforce plea agreements and their concomitant waivers of appellate rights." Id. at 1318.

When determining whether to enforce a particular waiver, we inquire (1) whether the issue on appeal falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing

a waiver would constitute a miscarriage of justice. Hahn, 359 F.3d at 1325.

*A. Scope*

In determining the scope of a waiver of appellate rights, we strictly construe the agreement, reading any ambiguities against the government. Id. Having carefully reviewed the plea agreement in this case, it is clear that the waiver of appellate rights contained therein encompasses Mr. Triplett's first two issues on appeal, but not the remaining. Mr. Triplett waived his right to appeal "his guilty plea and any other aspect of his conviction" and "his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below *the applicable guidelines range determined by the Court* to apply to this case." R. Doc. 22 at 6 (emphasis added). Because Mr. Triplett's first two issues on appeal touch on the district court's determination of the applicable guideline range given the conviction and are not within any exceptions, they are within the scope of the waiver.

The third, fourth and fifth issues are not within the scope of the waiver. The third and fourth issues on appeal raise post-Booker sentencing concerns. The plea agreement explicitly permits Mr. Triplett to appeal his sentence "based on a changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement that are held by the Tenth Circuit or Supreme Court to have retroactive effect." R. Doc. 22 at 7. We previously examined

nearly identical "change in law" language in an appellate waiver to determine whether <u>Booker</u> changed the law in this circuit regarding sentencing and whether <u>Booker</u> had a "retroactive effect" for the purposes of that appellate waiver. <u>See</u> <u>United States v. Taylor</u>, 413 F.3d 1146, 1151-53 (10th Cir. 2005). We answered both questions in the affirmative. <u>Id.</u> As such, we find Mr. Triplett's third and fourth issues to be covered by the "change in law" exception and therefore outside the scope of his appellate waiver.

Strictly construing the plea agreement and reading any ambiguities against the government, <u>Hahn</u>, 359 F.3d at 1325, the fifth issue is excepted from the waiver of appellate rights because it is rooted in the district court's application of the ACCA. <u>See</u> R. Doc. 22 at 7.

Accordingly, the remainder of our appellate waiver analysis is confined to the first two issues Mr. Triplett raises on appeal.

*B. Knowing and Voluntary*

When determining whether the defendant has entered into a plea agreement knowingly and voluntarily, we examine the language of the plea agreement and look for an adequate Federal Rule of Criminal Procedure 11 colloquy. <u>Hahn</u>, 359 F.3d at 1325. After reviewing both the plea agreement and the transcript of the change-of-plea hearing, we are satisfied that Mr. Triplett's waiver of appellate rights was both knowing and voluntary. In fact, he does not argue that the

language of the agreement and the Rule 11 colloquy were insufficient. Rather, his argument is that he could not have knowingly agreed to a waiver of yet-to-be recognized post-<u>Booker</u> rights. Aplt. Reply Br. at 5. Regardless, he does not explain how his first two issues raise <u>Booker</u> concerns. Accordingly, Mr. Triplett fails to meet the burden he bears on this score. <u>See</u> <u>Hahn</u>, 359 F.3d at 1329.

*C. Miscarriage of Justice*

Finally, in determining whether a waiver of appellate rights is enforceable, we seek to ascertain whether enforcement will result in a miscarriage of justice. Id. at 1327. A miscarriage of justice will only result "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." Id. (citing United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001)).

Mr. Triplett asserts that his waiver of appellate rights, as to the first issue on appeal, is not lawful because the methamphetamine was a Schedule III, not a Schedule II, controlled substance. As such, he maintains that his sentence exceeds the statutory maximum for Schedule III. Mr. Triplett misconceives Hahn's usage of the term statutory maximum. The "statutory maximum" under the Hahn miscarriage of justice inquiry refers to the statute of conviction. See United States v. Porter, 405 F.3d 1136, 1144 (10th Cir. 2005). Here, the relevant statute of conviction to which Mr. Triplett pled was 21 U.S.C. § 841, which in this case carried a maximum penalty of 20 years. See R. Doc. 21 at 4 ("The penalty for a violation of 21 U.S.C. § 841(a)(1) as alleged in Counts 1 and 2 is imprisonment for not more than twenty (20) years and/or a fine up to

$1,000,000.") (emphasis omitted); see also R. Doc. 22 at 2 (explaining the same). Mr. Triplett's 188-month sentence does not exceed the statutory maximum penalty.

Mr. Triplett asserts that his waiver of appellate rights, as to his second issue on appeal, is not lawful because the district court relied on impermissible factors. He maintains that the "judge made un-true statements regarding aggravating facts that were not a part of this case, in reference to [Mr. Triplett's] 'manufacturing [of] meth,' which did not occur." Aplt. Br. at 40 (emphasis omitted). He further argues that such statements by the district court demonstrate that it was not impartial. These arguments are without merit. Our review of the sentencing transcript reveals that the district court considered the relevant factors applicable to Mr. Triplett's sentence, and imposed a sentence at the bottom of the guideline range, 188 months, in accordance with its post-Booker discretion. Mr. Triplett's waiver of appellate rights in this regard was not unlawful. We find no miscarriage of justice by enforcing the waiver.

Based on the foregoing, we dismiss the appeal as to the first two issues. We turn now to the issues not covered by the waiver of appellate rights.

*2. Booker Issues*

Mr. Triplett argues first that because he was sentenced post-Booker, where the sentencing guidelines are now advisory, equal protection mandates that judges

give consideration to parole. He maintains that he is part of a disadvantaged group of persons when compared to defendants sentenced under a discretionary scheme, i.e., pre-sentencing guidelines, where parole was an option. Because Mr. Triplett failed to raise this issue below, we review for plain error. See United States v. Brown, 316 F.3d 1151, 1155 (10th Cir. 2003). Under the plain error standard of review, we may exercise our discretion to reverse (1) error; (2) that is plain; (3) that affects substantial rights. United States v. Visinaiz, 428 F.3d 1300, 1308 (10th Cir. 2005). If this is shown, we may exercise discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

In the Sentencing Reform Act of 1984, § 212(a)(2), Congress eliminated most forms of parole in favor of supervised release, a form of post-confinement monitoring overseen by the sentencing court, rather than the Parole Commission. See Gozlon-Peretz v. United States, 498 U.S. 395, 400-401 (1991). Congress was certainly acting within its legislative prerogative when making this determination. Pursuant to the current sentencing scheme, Mr. Triplett was sentenced to three years supervised release instead of parole. Mr. Triplett has failed to show, through citation to any authority or otherwise, how there is an equal protection violation here. No error exists, plain or otherwise.

Mr. Triplett argues next that the retroactive application of the remedial

- 11 -

portion of Booker to his sentencing violates the Due Process Clause. See Marks v. United States, 430 U.S. 188, 191-92 (1977) (explaining that the Due Process Clause protects against judicial infringement of the interests served by Ex Post Facto Clause). We review for plain error because Mr. Triplett failed to raise this issue below. See Brown, 316 F.3d at 1155.

Mr. Triplett's argument is without merit in light of this court's recent decision in United States v. Rines, 419 F.3d 1104, 1106-07 (10th Cir. 2005). Noting that the Booker remedial majority explicitly instructed that its holding be applied to "all cases on direct review," Booker, 125 S. Ct. at 769, we declined the defendant's "invitation to hold that the Supreme Court ordered us to violate the Constitution." Rines, 419 F.3d at 1106. We also found that the defendant was not deprived of constitutionally required notice because the "only difference between the Booker regime under which his sentence [was] determined and the regime he would have anticipated at the time of his offense is that the guidelines are not mandatory." Id. at 1107. In addition, we noted that because the defendant was sentenced within the guidelines range we found that he could not complain of any unanticipated harshness. Id. Our holding in Rines controls our disposition here. Mr. Triplett was not the recipient of any unanticipated harshness; rather, he was sentenced at the low-end of the guideline range, 188 months. There was no error.

*3. Application of the ACCA*

Mr. Triplett argues next that the district court erred, on several grounds, in its application of the ACCA to enhance his sentence. While we review legal questions regarding a sentence enhancement under the ACCA de novo, see United States v. Green, 55 F.3d 1513, 1515 (10th Cir. 1995), we review any factual findings for clear error, giving due deference to the district court's application of the sentencing guidelines to the facts, United States v. Doe, 398 F.3d 1254, 1257 (10th Cir. 2005) (quotations omitted).

First, Mr. Triplett argues that, after Booker and Shepard v. United States, 125 S. Ct. 1254 (2005), he has a Sixth Amendment right to have prior conviction allegations be charged and proven, or admitted to, beyond a reasonable doubt. Mr. Triplett's argument was answered in this court's recent decision in United States v. Moore, 401 F.3d 1220 (10th Cir. 2005). In Moore we held that neither Booker nor Shephard disturbed our holding in United States v. Dorris, 236 F.3d 582 (10th Cir. 2000), wherein we concluded that even after Apprendi v. New Jersey, 530 U.S. 466 (2000), a defendant's prior convictions need not be charged in an indictment and proven to a jury beyond a reasonable doubt. Moore, 401 F.3d at 1223-24. As such, Mr. Triplett's contention is foreclosed by Moore.

Second, Mr. Triplett vigorously contests the district court's conclusion that he had more than one prior conviction. He does not argue that the record fails to

support the district court's conclusion that his prior convictions arose from different criminal episodes. Instead, Mr. Triplett maintains that he was only convicted once because three of his prior convictions were the result of a single judicial proceeding and term of incarceration.

Enhancement under the ACCA is proper even if the three prior convictions were the result of a single judicial proceeding. United States v. Green, 967 F.2d 459, 461 (10th Cir. 1992). The ACCA only requires that the felonies be committed on occasions different from one another. United States v. Bolton, 905 F.2d 319, 323 (10th Cir. 1990). This applies to prior offenses involving drugs. United States v. Johnson, 130 F.3d 1420, 1430-31 (10th Cir. 1997). Mr. Triplett's prior convictions, while arising out of only two judicial proceedings and resulting in one term of incarceration, stemmed from criminal acts occurring on different dates and at different locations, which Mr. Triplett does not dispute. Thus, the district court did not err in treating these convictions as separate for purposes of applying the ACCA.

Third, Mr. Triplett argues that the government's failure to give written notice of its intent to seek an ACCA enhancement prior to the date of his plea violates his constitutional rights to equal protection. As a preliminary matter, it must be noted that there is no statutory requirement that the government give a defendant pre-plea notice of a possible sentence enhancement under the ACCA.

- 14 -

See United States v. Craveiro, 907 F.2d 260, 262-64 (1st Cir. 1990) (finding no statutory requirement of pre-trial notice).  However, Mr. Triplett maintains that because equal protection guarantees that similar criminal defendants will be dealt with in a similar manner by the government, it is impermissible for Congress to extend the right of pre-plea notice to person sentenced under 18 U.S.C. § 851(a), which contains a pretrial notice provision, and not the ACCA.

Congress's decision not to provide a pre-plea notification requirement in the ACCA, when it had established such a requirement under other sentence enhancement statutes, does not violate Mr. Triplett's right to equal protection. Legislative classification or "drawing lines" does not violate equal protection when it distinguishes persons as dissimilar upon some permissible basis in order to advance the legitimate interests of society.  Craveiro, 907 F.2d at 264.  Mr. Triplett's allegation that individuals sentenced under the ACCA are treated differently than those sentenced under other statutes does not form the basis of an equal protection claim.  See id.

Fourth, Mr. Triplett argues that the government's failure to give written notice of its intent to seek an ACCA enhancement prior to the date of his plea deprived him of due process.  Procedural due process does not, however, require written pre-plea notice of the possibility of enhanced sentencing under the ACCA. It requires only reasonable notice and an opportunity to be heard concerning the

prior convictions. See Oyler v. Boles, 368 U.S. 448, 452 (1962); United States v. Hardy, 52 F.3d 147, 150 (7th Cir. 1995); Craveiro, 907 F.2d at 264. Here, Mr. Triplett received fair notice of the ACCA enhancement in the plea agreement, R. Doc. 22 at 2-3, the petition to enter plea of guilty, R. Doc. 21 at 4, the plea colloquy, Change-of-Plea Hearing Tr. at 9-10, and the PSR. Between June 10, 2004, when plea was entered, and February 1, 2005, when he was sentenced, Mr. Triplett had time to prepare his opposition. He had the opportunity to, and did, contest the record as to his prior convictions throughout. Consequently, we find no due process impediments to his ACCA enhanced sentence.

Fifth, Mr. Triplett argues that because his prior felony convictions were used as an element of the offense of felon in possession under 18 U.S.C. § 922(g) as well as in the calculation of his offense level and criminal history, the district court erred in "triple-counting" these convictions. Because Mr. Triplett failed to raise this issue below, we review the district court's action for plain error only. Brown, 316 F.3d at 1155.

The district court did not err in considering Mr. Triplett's prior felony convictions as the basis for the instant offense as well as in the calculation of his offense level and criminal history. See United States v. Saffeels, 39 F.3d 833, 836-37 & n.2 (8th Cir. 1994) (holding "triple-counting" permissible, where defendant's prior felonies were used to convict him as a felon-in-possession under

18 U.S.C. § 922(g), enhance his sentence under the ACCA, and determine his criminal history category under U.S.S.G. § 4A1.1); see also United States v. Oliver, 20 F.3d 415, 418-19 (11th Cir. 1994) (per curiam). As such, there is no plain error.

Sixth, Mr. Triplett contends that because he was charged with, and pled guilty to, felon in possession of a firearm under 18 U.S.C. § 922(g), with punishment expressly stated in § 924(a)(2), statutory construction of § 924 compels the conclusion that he could not be exposed to the increased penalty of the ACCA. That is, he maintains that a defendant may only be exposed to the increased penalty of the ACCA if he was charged as a felon in possession of a firearm under § 922(g), and exposed to the punishment of § 924(a)(1). Because Mr. Triplett failed to raise this issue below, we again review for plain error. See Brown, 316 F.3d at 1155.

The district court did not err, much less commit plain error, in failing to follow Mr. Triplett's proffered construction of § 924. Section 924(e)(1) unambiguously states that "a person who violates section 922(g) . . . and has three previous convictions by any court referred to in section 922(g)(1) . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years." As discussed, Mr. Triplett met these requirements and the ACCA

enhancement was properly imposed. There was no error.

Last, Mr. Triplett argues that as applied to Counts 1 and 2, U.S.S.G. §§ 3D1.2(d) and 3D1.3(a) violate his statutory right of notice under 21 U.S.C. § 851(a)(1). That is, he contends that because U.S.S.G. § 3D1.3(a) was used to increase the offense levels of Counts 1 and 2 to equal that of Count 4, to which the ACCA was applied, the resulting effect was to enhance the offense levels of Counts 1 and 2 based on prior convictions in violation of 21 U.S.C. § 851(a)(1)'s notice requirement.[1] This issue was not raised below. We therefore review for plain error only. See Brown, 316 F.3d at 1155.

The district court did not err. The filing of an information pursuant to § 851(a)(1) is required in "'situations in which a defendant's statutory maximum or minimum is enhanced and not [in] situations where the defendant's increased sentence under the Guidelines is within the statutory range.'" United States v. Allen, 24 F.3d 1180, 1184 (10th Cir. 1994) (quoting United States v. Novey, 922 F.2d 624, 627 (10th Cir. 1991)) (alteration in Allen). Mr. Triplett did not receive a sentence beyond the statutory maximum.

---

[1] 21 U.S.C. § 851(a)(1) states, in pertinent part, that "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon."

The judgment and sentence are AFFIRMED. The parts of the appeal raising issues precluded by Mr. Triplett's waiver of appellate rights are DISMISSED. All pending motions are DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge