**UNITED STATES, Appellee,**

v.

**Daniel G. SULLIVAN, Defendant–Appellant.**

No. 94–2194.

United States Court of Appeals, First Circuit.

Heard July 29, 1996.

Decided Oct. 29, 1996.

---

**687**

LISI, District Judge.

## I. BACKGROUND

Following a four day trial, a jury found defendant-appellant Daniel G. Sullivan guilty of receiving a stolen firearm after previously having been convicted of a felony ("Count I"), aiding and abetting the sale of stolen firearms ("Count II"), and aiding and abetting the sale of firearms to a convicted felon ("Count III"). Finding that Sullivan had been convicted of at least three prior crimes of violence or serious drug offenses, the district court sentenced Sullivan as an armed career criminal pursuant to U.S.S.G. § 4B1.4. The court imposed prison terms of 188 months on Count I and 120 months on each of Counts II and III, to be served concurrently, with five years supervised release thereafter.

Sullivan challenges the district court's determination of his status as an armed career criminal for the first time on appeal, a fact that Sullivan concedes in his brief. He alleges no error with respect to the offense of conviction, sometimes referred to as the "triggering offense." See, e.g., United States v. Bell, 966 F.2d 703, 705 n. 5 (1st Cir.1992). Instead, Sullivan attacks the district court's use of his prior state court convictions as predicate offenses for the armed career criminal determination on two fronts. For the reasons set forth below, this court rejects each of Sullivan's contentions and affirms the district court's sentence.

## II. DISCUSSION

### A. *Standard of Review*

At the outset, it is incumbent upon this court to delineate the correct standard of its review. It is well-settled in this circuit that arguments which an appellant failed to raise in contemporaneous objections below are effectively forfeited on appeal and reversible only if an appellant can establish "plain error." *United States v. Winter*, 70 F.3d 655, 659 (1st Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1366, 134 L.Ed.2d 532 (1996); *see also United States v. Alzanki*, 54 F.3d 994, 1003 (1st Cir.1995), *cert. denied,* ——

nation.

David J. Fine, by Appointment of the Court, with whom Dangel, Donlan & Fine, Boston, MA, was on brief, for defendant–appellant.

F. Mark Terison, Assistant United States Attorney, Portland, ME, with whom Jay P. McCloskey, United States Attorney, and Elizabeth C. Woodcock, Assistant United States Attorney, Bangor, ME, were on brief, for appellee.

Before TORRUELLA, Chief Judge, BOUDIN, Circuit Judge, and LISI,* District Judge.

* Of the District of Rhode Island, sitting by desig-

U.S. ——, 116 S.Ct. 909, 133 L.Ed.2d 841 (1996); *United States v. Griffin,* 818 F.2d 97, 100 (1st Cir.), *cert. denied,* 484 U.S. 844, 108 S.Ct. 137, 98 L.Ed.2d 94 (1987). Under this standard, an appellant must establish: "(1) 'error,' *i.e.,* a '[d]eviation from a legal rule'; (2) that the error is 'plain' or 'obvious'; and (3) that the plain error affected 'substantial rights.'" *United States v. Winter,* 70 F.3d at 659 (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 1776–77, 123 L.Ed.2d 508 (1993)). Regardless of whether an appellant bears this burden, however, the decision to correct the error is entirely discretionary. *See id.* We proceed to address Sullivan's two arguments in light of these principles.

### B. *Sufficiency of the Indictment*

■ Sullivan's first argument concerns the sufficiency of the indictment under which he was charged. Sullivan avers that the list of his prior state court convictions contained in the indictment did not contain three convictions valid for use as predicate offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924. A thorough examination of the indictment undercuts this argument, however.

The indictment lists a number of Sullivan's previous convictions, ranging from simple drug possession in 1970, to burglary in 1983. Sullivan does not challenge the use of two of these convictions, the burglary conviction on May 18, 1983, and one on October 29, 1992 for arson, as predicate offenses.[1] The issue raised on appeal is whether any of the remaining convictions were valid for use as a third predicate offense.

With respect to this issue, Sullivan devotes the majority of his efforts to arguing why his several drug convictions, a conviction for possession of bomb materials, and a generic conspiracy conviction are inadequate to serve as predicate offenses. We need not address these contentions.

The presentence report reveals that Sullivan had *four* prior state court burglary convictions, not one, as he and the indictment

suggest. This inconsistency is attributable to the fact that the convictions were consolidated for sentencing in the state court in which Sullivan was tried. It is clear, however, that the burglaries took place on different dates, involved four different victims, and involved four distinct sentences.

■ It is well-settled in this circuit and others that crimes which were committed on different dates, involved different locations, and targeted different victims are to be treated as distinct for purposes of 18 U.S.C. § 924(e). *See United States v. Riddle,* 47 F.3d 460, 462 (1st Cir.1995); *United States v. Lewis,* 40 F.3d 1325, 1346 (1st Cir.1994); *United States v. Godinez,* 998 F.2d 471, 472–73 (7th Cir.1993). Accordingly, any three of the five prior state convictions for burglary or arson could have served as the predicate offenses necessary to sentence Sullivan as an armed career criminal.

■ Any argument that Sullivan did not receive adequate notice that the government intended to seek an enhancement under the ACCA because the four burglary convictions were not delineated in the indictment must also fail for two reasons. First, the government "need not allege in the indictment the three prior felonies that it will use to enhance a defendant's sentence under § 924(e)(1)." *United States v. Tracy,* 36 F.3d 187, 198 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1717, 131 L.Ed.2d 576 (1995); *see also United States v. Rumney,* 867 F.2d 714, 719 (1st Cir.), *cert. denied,* 491 U.S. 908, 109 S.Ct. 3194, 105 L.Ed.2d 702 (1989). Second, notwithstanding the government's failure to elucidate the specific felonies it would use as predicate crimes, it did announce its intention to seek an enhanced sentence under the ACCA in both the indictment and a trial brief filed prior to commencement of trial. *See United States v. Tracy,* 36 F.3d at 198; *United States v. Rumney,* 867 F.2d at 716. Accordingly, we find no plain error with respect to this issue.

### C. *Restoration of Civil Rights*

Sullivan's second argument is grounded in 18 U.S.C. § 921(a)(20). This section provides

---

1. Sullivan declines to do so for good reason: the term "violent felony" is defined by statute to

include the crimes of arson and burglary. *See* 18 U.S.C. § 924(e)(2)(B).

that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of [the ACCA], unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20). Sullivan relies on the fact that various laws enacted by the State of Maine between 1975 and 1981 served to restore the civil rights that had previously been denied to those convicted of felony offenses.

■ Civil rights generally encompass "the right to vote, the right to seek and hold public office, and the right to serve on a jury." *United States v. Caron*, 77 F.3d 1, 2 (1st Cir.) (en banc), *cert. denied*, — U.S. —, 116 S.Ct. 2569, 135 L.Ed.2d 1085 (1996). At one point in time, the State of Maine denied these rights to felons. In 1975, however, Maine reversed course and restored these rights. At the time of Sullivan's state court arson and burglary convictions, the restoration effort by Maine was complete: felons were permitted to vote, hold office, and serve on a jury. As such, Sullivan invites us to provide a favorable response to the question left open in this circuit by *Caron*, that is, whether civil rights which have never actually been forfeited can nonetheless be "restored."

■ We need not answer this question here, however. Section 921(a)(20) provides that a conviction may serve as a predicate offense under the ACCA notwithstanding the restoration of civil rights theretofore forfeited if the restoration statute imposes a restriction on the felon's ability to possess a firearm. 18 U.S.C. § 921(a)(20). While the restoration statutes enacted by Maine did not include an explicit restraint on a felon's abili-

ty to possess a firearm, such restrictions were already in place in Maine. *See* Me.Rev. Stat. Ann. tit. 15, § 393 (West 1995);[2] *see generally Passamaquoddy Tribe v. State of Maine*, 75 F.3d 784, 789 (1st Cir.1996). Therefore, the statutory restrictions imposed on a felon's ability to possess a firearm in Maine afford Sullivan no relief from the sentencing enhancements of the ACCA.

We think it is unnecessary to elaborate because our reading of the statute is that followed by a majority of the circuits that have spoken to the need to read state law as a whole. Indeed, apart from the District of Columbia Circuit, *see United States v. Bost*, 87 F.3d 1333 (D.C.Cir.1996), every circuit court that has addressed the issue appears to have taken the approach that we follow here. *See United States v. Burns*, 934 F.2d 1157, 1159–61 (10th Cir.1991), *cert. denied*, 502 U.S. 1124, 112 S.Ct. 1246, 117 L.Ed.2d 478 (1992); *United States v. McLean*, 904 F.2d 216, 218 (4th Cir.), *cert. denied*, 498 U.S. 875, 111 S.Ct. 203, 112 L.Ed.2d 164 (1990); *United States v. Erwin*, 902 F.2d 510, 513 (7th Cir.), *cert. denied*, 498 U.S. 859, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990); *United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir.1990); *cf. United States v. Gómez*, 911 F.2d 219, 221–22 (9th Cir.1990). We reserve decision on a further question, which appears to have divided the circuits more closely, as to whether a firearm restriction in a state statute would be sufficient in a case where the defendant received a document such as a pardon or a certificate that purported to restore all civil rights but did not expressly mention any restrictions with respect to firearms. *See United States v. Erwin*, 902 F.2d at 512–13.

Accordingly, the district court properly used the state arson and burglary convictions as predicate offenses for purposes of determining his sentence pursuant to the ACCA. We find no plain error.

---

2. This statute provides, in pertinent part:

1. Possession prohibited. A person may not own, possess or have under that person's control a firearm, unless that person has obtained a permit under this section, if that person:
A. Has been convicted of a crime, under the laws of the United States, this State or any other state, that is punishable by imprisonment for one year or more. . . .

2. Application after 5 years. A person subject to the provisions of subsection 1 may, after the expiration of 5 years from the date that the person is finally discharged from the sentences imposed as a result of the conviction or adjudication, apply to the Commissioner of Public Safety for a permit to carry a firearm. That person may not be issued a permit to carry a concealed firearm. . . .

Me.Rev.Stat. Ann. tit. 15, § 393 (West 1995).

## III. CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is *affirmed.*