**UNITED STATES of America, Appellee,**

v.

**Curtis MOORE, Defendant–Appellant.**

**No. 99–1532.**

United States Court of Appeals, Second Circuit.

Argued Feb. 11, 2000.

Decided March 27, 2000.

Michael Dolan, Law Offices of Jack O'Donnell, New Haven, CT, for Defendant–Appellant.

John A. Marrella, Assistant United States Attorney (Stephen C. Robinson, United States Attorney, District of Connecticut, on the brief), New Haven, CT, for Appellee.

Before: WALKER, CALABRESI, and KATZMANN, Circuit Judges.

PER CURIAM.

Defendant-appellant Curtis Moore appeals from an August 27, 1999 order of the United States District Court for the District of Connecticut (Robert N. Chatigny, *District Judge*), denying his motion for a judgment of acquittal pursuant to Fed. R.Crim.P. 29, and sentencing him principally to 235 months' imprisonment and three years' supervised release. Because we find that the district court did not err in denying the Rule 29 motion, and properly considered all of Moore's previous felony convictions in calculating his sentence, we affirm the decision of the district court.

BACKGROUND

On October 26, 1998, New Haven police officers responded to a complaint of gunshots in the Quinnipiac Terrace Housing Project. Upon reaching Quinnipiac Terrace, the officers saw defendant-appellant Curtis Moore standing in the middle of the courtyard with a black and silver handgun in his waistband. Moore was observed from a distance of 50 to 86 feet, at night, for a period of approximately five seconds. The officers ordered him to put his hands up, whereupon he fled into one of the apartments, where his aunt, Virginia Moore, resided. The officers followed Moore into the apartment, where they found him lying on a bed in one of the bedrooms. The officers also recovered a black and silver handgun from a doorless closet in the same room.

Moore was indicted on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was convicted after a jury trial. Moore timely moved for a judgment of acquittal under Fed.R.Crim.P. 29. The district court denied the motion on August 27, 1999 and sentenced Moore to 235 months' imprisonment pursuant to the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e).

On appeal, Moore argues that (1) the evidence was insufficient to sustain his conviction, and therefore the district court erred by denying his Rule 29 motion, and (2) a previous felony conviction that was not disclosed before trial by the government should not have been considered in calculating his sentence.

DISCUSSION

I. *Sufficiency of the Evidence*

To convict a defendant of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), the government must prove that (1) the defendant possessed a firearm, (2) the defendant had a prior felony conviction, and (3) the firearm was possessed in or affecting interstate commerce. Moore stipulated to the fact that he was a

convicted felon and that the gun recovered from the bedroom closet had traveled in interstate commerce. He does not deny that the officers did see him carrying a handgun, but disputes whether the gun recovered from the closet, upon which his conviction was based, was ever possessed by him.

■ On a sufficiency of the evidence challenge, we review the evidence and the inferences to be drawn therefrom in the light most favorable to the government. *See United States v. Plitman,* 194 F.3d 59, 66 (2d Cir.1999). Moore argues that the evidence was insufficient to support his conviction because there was no evidence that the officers were "able to make out the name brand of the weapon, the model, the model number nor the gun's serial number," no witnesses saw or heard Moore throw a handgun into the bedroom closet, and there were no identifiable fingerprints found on the gun that was recovered. While Moore is correct that the specific evidence he details was not presented in the government's case, such evidence was not necessary for a reasonable jury to conclude that Moore had been in possession of the gun that was recovered by the police. Officers Hoffman and Harkins testified that they saw Moore outside moments earlier with a large black and silver handgun tucked into his waistband, a fact that Moore does not dispute. After chasing Moore into his aunt's apartment, the officers found Moore in one of the bedrooms apparently feigning sleep. They also saw that Moore was breathing heavily and that a bulletproof vest was hanging from his leg. The officers then found a large black and silver gun lying on top of some clothes in a closet with no door four to five feet from the bed Moore was lying on. Moore's aunt, Virginia Moore, testified that she and her boyfriend, Melvin Hobby, shared the bedroom in which the officers found Moore. She and Hobby testified that they had never seen the gun before and had not put that or any gun in the closet.

On this record, we cannot say that the facts are such that no reasonable jury could have found beyond a reasonable doubt that the gun previously on Moore's person and the gun recovered from the bedroom closet were one and the same. We therefore reject Moore's insufficiency claim.

## II. *Sentencing under the Armed Career Criminal Act*

Moore's second claim is that he was unaware before trial that, if convicted, he would be subject to the provisions of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e), and the corresponding Sentencing Guidelines provision, U.S.S.G. § 4B1.4(b)(3)(B), under which the applicable sentencing range was 235 to 293 months. Moore bases his claim upon the fact that he did not receive notice before trial that he had three predicate convictions instead of two, triggering application of these sentencing enhancements.

■ Prior to trial, the government provided Moore with a copy of a computer-generated criminal history, pursuant to its obligations under Fed.R.Crim.P. 16(a)(1)(B). Moore's criminal history, taken from the Connecticut On–Line Law Enforcement Communications Teleprocessing system, which compiles arrests and convictions in the state of Connecticut, contained a conviction for a drug felony and an assault conviction, but omitted a second assault conviction. Moore does not contend that the government deliberately misled him by producing a criminal history with only two predicate convictions, but argues that the government failed to use due diligence to discover the additional assault conviction, which only came to light in the post-conviction Presentence Report prepared by the United States Probation Office. The additional conviction subjected Moore to the 15–year mandatory minimum sentence under section 924(e) and to the higher sentencing range required by U.S.S.G. § 4B1.4(b)(3)(B). Moore argues that since he was unaware that the third

prior conviction would be considered at sentencing, he was unable to make an informed guilty plea, and that this amounted to a denial of due process. We disagree.

 It is settled that due process requires that a defendant have notice and an opportunity to contest the validity or applicability of the prior convictions upon which a statutory sentencing enhancement is based. *See Oyler v. Boles*, 368 U.S. 448, 452, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). But there is no requirement that a defendant be notified prior to trial that such an enhancement may be sought, because "the determination of whether one is an habitual criminal is 'essentially independent' of the determination of guilt on the underlying substantive offense." *Id.* (quoting *Chandler v. Fretag*, 348 U.S. 3, 8, 75 S.Ct. 1, 99 L.Ed. 4 (1954)). We have previously followed *Oyler*, in the context of a review of state law proceedings, in holding that due process "does not require advance notice that a conviction in the trial on the substantive issue … will be followed by a second felony offender charge." *United States ex rel. D'Ambrosio v. Fay*, 349 F.2d 957, 962 (2d Cir.1965) (New York second felony offender statute).

While we have never considered whether the *Oyler* rule should apply in the context of the Armed Career Criminal Act, the other circuit courts that have addressed the question have held that it does. *See United States v. O'Neal*, 180 F.3d 115, 126 (4th Cir.1999) (the listing of a predicate offense in the Presentence Report provides sufficient notice that section 924(e) will be applied); *United States v. Craveiro*, 907 F.2d 260, 264 (1st Cir.1990) (due process does not require pre-trial notice that enhanced sentencing may be sought under section 924(e)). We join those circuits in holding that there is no constitutional requirement that a defendant be given notice before trial that a sentencing enhancement pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), may be sought after conviction.

We therefore reject Moore's second argument.

## CONCLUSION

We conclude that the district court correctly denied Moore's motion for a judgment of acquittal based on insufficiency of the evidence. We further find that the district court properly considered all of Moore's prior convictions in imposing sentence, as required by the Armed Career Criminal Act, and that Moore was not denied due process at sentencing. The judgment of the district court is affirmed.