[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1801

JAMES T. MARSHALL,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Campbell and Stahl, Senior Circuit Judges.

---

James T. Marshall on brief pro se.
Donald K. Stern, United States Attorney, and Timothy Q. Feeley, Assistant U.S. Attorney, on brief for appellee.

---

September 10, 2001

---

**Per Curiam**.  After pleading guilty in 1993 to being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1), petitioner James Marshall was given an enhanced sentence under the Armed Career Criminal Act (ACCA) because he had three previous convictions for a "violent felony" or a "serious drug offense," id. § 924(e)(1). Indeed, it was uncontested at sentencing that he had more than the requisite three predicates; of petitioner's numerous state court convictions, the presentence report (PSR) identified five that so qualified.  Petitioner later filed this petition under 28 U.S.C. § 2255, asserting that four of those five convictions no longer were, or never had been, valid ACCA predicates.[1]  In response, the government accepted that allegation as true.  It nonetheless argued that the enhanced sentence could be upheld by relying on two other previous convictions that had been listed in the PSR but not there designated as ACCA predicates.  These would provide the required three predicates, it asserted, when combined with the earlier one that remained unchallenged.  Over petitioner's objections, the district court agreed with this

---

[1]  He alleged that one predicate had since been invalidated in state court, two others no longer qualified because of intervening case law, and the fourth had never qualified.

reasoning and thus denied the petition. It later granted a certificate of appealability. We affirm substantially for the reasons recounted in the district court's comprehensive opinion, adding only the following comments.

The two substitute predicates consist of a 1974 conviction for larceny from the person (No. 81260) and a 1974 conviction for attempted larceny from the person (No. 81261), both of which were listed in ¶ 47 of the PSR. The principal dispute below was whether these offenses constituted felony convictions under Mass. Gen. Laws ch. 266, § 25(b) or misdemeanor convictions under ch. 266, § 30(1). The former provision concerns larceny from the person; the latter involves generic larceny. Based on its review of certain state court records, the district court determined that the ¶ 47 offenses were felonies prosecuted under § 25(b). We agree. Even without taking judicial notice of the supplemental records submitted by the government for the first time on appeal, see United States v. Bregnard, 951 F.2d 457, 460 n.2 (1st Cir. 1991), we find the court's conclusion amply supported. For example, in No. 81260, the juvenile court docket sheet specifically cited to § 25; the superior court indictment charged that petitioner "did steal from the person"; and the docket sheet described

the offense as "[l]arceny from the person."  Similarly, in No. 81261, the indictment alleged that petitioner "did attempt to steal from the person"; and the docket sheet listed the offense as "[a]ttempt to commit larceny from person."

On appeal, petitioner concedes that the ¶ 47 offenses were for larceny from the person (actual and attempted), but goes on to contend that he could have been convicted therefor under § 30(1).  To the contrary, the case law and relevant authorities all tie that offense to § 25(b).[2]  See, e.g., United States v. De Jesus, 984 F.2d 21, 23 (1st Cir. 1993); Commonwealth v. Moorer, 431 Mass. 544, 545 (2000); J. Nolan & B. Henry, 32 Mass. Practice: Criminal Law § 291 (1988 & '00 Supp.).  We find Commonwealth v. Lashway, 36 Mass. App. Ct. 677 (1994), particularly instructive.  There, a defendant convicted of unarmed robbery complained of being denied a lesser-included instruction for larceny under § 30(1).  The court affirmed, finding the evidence clear that whatever taking had occurred "was indubitably from the person."  Id. at 683.  It added

_____

[2]  Like the district court, we think the citation to § 30 in the district attorney's recent state court briefing (addressing petitioner's motion to withdraw his plea) was a simple typographical error, especially since the offense was there specifically described as larceny from the person.

that, for this reason, the lesser-included offense of larceny from the person under § 25(b) might have been charged, but no such request had been made. See id. In any event, in the instant case there is not the slightest hint that petitioner's ¶ 47 convictions involved § 30(1).[3]

Petitioner next contends that the ¶ 47 offenses do not qualify as ACCA predicates because, even though he was tried as an adult, he was a juvenile when he committed them. This argument was never squarely presented below and has been advanced only in perfunctory fashion on appeal--and so has arguably been waived. See, e.g., United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Petitioner in any event has offered nothing to call into question the solid line of authority holding to the contrary. See, e.g., United States v. Cure, 996 F.2d 1136, 1139-41 (11th Cir. 1993); United States v. Lender, 985 F.2d 151, 155-57 (4th Cir. 1993).

---

[3] We likewise agree with the district court that No. 81261 was subject to the "second," rather than the "fourth," paragraph of Mass. Gen. Laws ch. 274, § 6--the statutory provision prescribing punishment for attempted crimes. We might add that petitioner would not benefit even if it were otherwise. Since the "fourth" paragraph carries a maximum term greater than two years, a violation thereof, even though a misdemeanor under state law, would still qualify as a "violent felony" under the ACCA. See, e.g., Bregnard, 951 F.2d at 460-61 (applying 18 U.S.C. § 921(a)(20)).

Again without developed argumentation, petitioner also asserts that to now rely on convictions that were listed in the PSR but not there identified as predicates would violate due process. We have explained that pretrial notice of the possibility of enhanced sentencing for recidivism is not necessary, but that due process does require "reasonable notice of and an opportunity to be heard concerning the prior convictions." United States v. Craveiro, 907 F.2d 260, 264 (1st Cir. 1990); accord, e.g., United States v. O'Neal, 180 F.3d 115, 125-26 (4th Cir.) ("a defendant does have a right to adequate notice of ... the convictions that may support [an ACCA] enhancement"), cert. denied, 528 U.S. 980 (1999); United States v. Tracy, 36 F.3d 187, 198-99 (1st Cir. 1994) (holding that listing of predicates in PSR is sufficient). Whether these protections continue to apply after termination of the direct appeal, where a predicate has been invalidated and the government attempts to substitute another therefor, is a matter we need not decide, for petitioner has received all process that might be due. The government's habeas opposition, proposing reliance on the ¶ 47 convictions, provided sufficient notice to allow him "to contest the validity or applicability of the prior convictions." United States v. Moore, 208 F.3d

411, 414 (2d Cir.) (per curiam), cert. denied, 531 U.S. 905 (2000). The main prejudice of which petitioner complains-- that intervening case law has allegedly made it more difficult to collaterally attack his ¶ 47 convictions in state court--is beyond the scope of the due process safeguard in this context.

We have considered petitioner's remaining contentions and find them without merit. We will briefly mention four. First, he suggests that, because the two ¶ 47 convictions were consolidated in state court for pleading and sentencing purposes, they constituted a single offense. To the contrary, "crimes which were committed on different dates ... and targeted different victims are to be treated as distinct" under § 924(e). United States v. Sullivan, 98 F.3d 686, 688 (1st Cir. 1996). Second, he alleges that he should have been permitted, in the § 2255 proceeding, to challenge his ¶ 47 convictions. This argument is foreclosed by Daniels v. United States, 121 S. Ct. 1578 (2001). Third, he complains that his attorney rendered ineffective assistance at sentencing in failing to challenge the listed predicates. This claim fails inasmuch as three valid predicates existed at that time and continue to exist today. Finally, petitioner asks for "any relief he may have" under

<u>Apprendi</u> v. <u>New Jersey</u>, 530 U.S. 466 (2000).  He has none at this time.  Various courts, noting that <u>Apprendi</u> expressly declined to overrule <u>Almendarez-Torres</u> v. <u>United States</u>, 523 U.S. 224 (1998), have rejected <u>Apprendi</u>-based challenges to an ACCA enhancement.  <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Skidmore</u>, 254 F.3d 635, 641-42 (7th Cir. 2001).

<u>Affirmed.</u>