

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-8-2006

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4736

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Jones" (2006). *2006 Decisions.* Paper 1470.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1470

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4736
_____

UNITED STATES OF AMERICA,

v.

BARNSWELL JONES,
                    Appellant

_____

Appeal from the
United States District Court for the
Eastern District of Pennsylvania
(D.C. No. 04-cr-00125-3)
District Judge: The Honorable Robert F. Kelly

_____

Submitted Under Third Circuit LAR 34.1(a)
March 3, 2006

_____

Before: SLOVITER and FUENTES, Circuit Judges, and
RESTANI*, Judge

(Filed: March 8, 2006)

_____

OPINION

_____

_____
        *Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

RESTANI, <u>Judge</u>.

Barnswell Jones ("Jones") appeals his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000), arguing that the government failed to provide sufficient evidence to support his conviction. The Court has jurisdiction pursuant to 28 U.S.C. § 1291 (2000) and affirms Jones' conviction.

## I. Procedural and Factual Background

On September 17, 2003, six law enforcement officers from the Berks County, Pennsylvania, Sheriff's Office Fugitive Task Force ("Task Force") executed an active bench warrant against Jones. The Task Force found Jones and his co-defendant, Tremaine Buie ("Buie"), at a jewelry store at the Fairgrounds Square Mall in Reading, Pennsylvania. Upon seeing the Task Force, Jones grabbed Buie and pulled Buie between him and the Task Force. The Task Force drew their firearms against Jones and announced that they were the police. Jones then threw Buie on the floor and ran towards the mall exit. Five members of the Task Force pursued Jones and tackled him by the mall exit.[1]

During the struggle, four members of the Task Force witnessed a handgun in the waistband of Jones' pants. At trial, Deputy Sheriff James Gresh testified that he saw a

---

[1]One member of the Task Force, Deputy Sheriff Juan Munoz, stayed behind with Buie. While detaining Buie, Deputy Sheriff Munoz discovered "the butt of [a] gun hanging out of [Buie's] waist in his holster." Trial Tr. 122:5–6, Sept. 13, 2004. The handgun found on Buie was a Black Star Inarms .40 caliber handgun. <u>Id</u>.

gun on the "front side tucked in [Jones'] pants." Trial Tr. 10:12–13. U.S. Deputy Marshal Brian Hicks stated on direct examination that "[t]he gun was tucked into [Jones'] waistband," id. at 35:6–7, while Deputy Sheriff Mandy Miller testified that she saw a gun "[i]n [Jones'] waistband . . . . falling out of his . . . pants," id. at 51:20–21. Finally, Deputy Sheriff Gary Cirulli also testified that he "spotted a gun come out of [Jones'] waistband." Id. at 93:17.

After restraining Jones, Deputy Sheriff Cirulli retrieved the gun from Jones and brought it to the police station where Special Agent Timothy Wilson of the Bureau of Alcohol, Tobacco, Firearms, and Explosives identified it as a Taurus Model PP92. Special Agent Wilson also processed Jones' arrest but did not conduct a fingerprint analysis on the handgun or bullets. Sergeant Robert F. Johnson of the Berks County Automated Fingerprint Identification System Laboratory explained that a fingerprint evidence analysis is conducted only "when [law enforcement does not] know who had [the evidence] or who it belongs to." Trial Tr. 28:10–12, Sept. 14, 2005.

At trial, Jones denied that he had the gun, testifying that he "was never in possession of that gun." Id. at 36:11. He stated that on the day of the arrest "[t]he only gun mentioned was the one that Tremaine Buie had." Id. at 41:23–24.

On September 15, 2004, Jones was convicted by a jury for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was later sentenced to 120 months' imprisonment. Jones filed a timely appeal, arguing that there was insufficient

3

evidence to support his conviction. We disagree.

## II. Discussion

To convict a defendant of a violation of 18 U.S.C. § 922(g)(1), the government must prove three elements beyond a reasonable doubt: (1) the defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year; (2) the defendant knowingly possessed a firearm; and (3) the firearm had passed in interstate or foreign commerce. United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000). On appeal, Jones only contests the second element of the crime. Jones argues that there is insufficient evidence to support his conviction because he testified that he did not have a gun and because the government failed to provide fingerprint evidence linking him to the gun.

In reviewing a sufficiency of evidence claim, we view the evidence in the light most favorable to the government. United States v. Wolfe, 245 F.3d 257, 261 (3d Cir. 2001) (citation omitted). We will sustain a verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998) (citation omitted). Thus, an appellant challenging the sufficiency of evidence bears a "very heavy burden." Id. at 187 (quoting United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990)).

In the present case, there is sufficient evidence to sustain Jones' conviction. At trial, four law enforcement officers consistently testified that they saw a gun tucked into

Jones' waistband. Jones is the only witness who contradicts the testimony of the officers. Given the "particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence," the testimony of the four law enforcement officers is sufficient evidence from which a reasonable jury could find that Jones possessed a handgun. Id. at 187. With respect to Jones' contradictory testimony, the Court "presume[s] that the jury properly evaluated [the] credibility of the witnesses, found the facts, and drew rational inferences." United States v. Iafelice, 978 F.2d 92, 94 (3d Cir. 1992) (citing United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1987)). It is not the Court's job to "re-weigh the evidence presented at trial or reassess the credibility of the witnesses." United States v. Al Hedaithy, 392 F.3d 580, 605 (3d Cir. 2004) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)).

Moreover, contrary to Jones' argument, the failure to provide a fingerprint analysis does not amount to insufficient evidence. See United States v. Jurbala, No. 04-94-GMS, 2005 WL 2234609, at *3 (3d Cir. Sept. 14, 2005); United States v. Moore, 208 F.3d 411, 413 (2d Cir. 2000); United States v. White, 81 F.3d 80, 82 (8th Cir. 1996) (citing United States v. Haney, 23 F.3d 1413, 1416–17 (8th Cir. 1994)). The government is not required to provide fingerprint evidence, see 18 U.S.C. § 922(g)(1), and a rational jury could weigh the testimony of the four law enforcement officials more heavily than the absence of fingerprint evidence.

Accordingly, we will affirm Jones' judgment of conviction and sentence.

5