12-1649-cr
*United States v. Lugo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of April two thousand thirteen.

PRESENT:    GUIDO CALABRESI,
            DEBRA ANN LIVINGSTON,
            GERARD E. LYNCH,
                        *Circuit Judges*,

_____

UNITED STATES OF AMERICA,
                        *Appellee,*

-v.-                                                No. 12-1649-cr

JOHN ORLANDO BROOKER, JR., JEREMY D. ZULLO, ZACHARY ADAM GRANT, MICHAEL ROBERT ROSS, JR., DONALD CHRISTOPHER PERKINS, JR., SHAWN A. FRANCIS, ALAN HORICK, GREGORY FLAKE, THOMAS LUZADER, JERIMIAH JOEL DURFEE, LAMAR LARRY JOHNSON, WILLIAM COREY WARNER, DANIEL F. WEBSTER, JR., MILES EDWARDS, JULIAN VICTOR DATIL-RODRIGUEZ, BRIAN KEITH DOMINGO, LEROY J. RICE, NOEL DELAROSA, EVELIO BARO, MOISES ORTIZ, ANTOINE MATHIS, GRAYTZ MORRISON,

                        *Defendants,*

DANIEL LUGO,

                        *Defendant-Appellant.*

_____

BROOKS G. MCARTHUR, Esq., Jarvis, McArthur & Williams LLC, Burlington, VT *for Defendant-Appellant*.

CRAIG SCOTT NOLAN, WILLIAM B. DARROW, PAUL J. VAN DE GRAAF, Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District of Vermont *for Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered April 18, 2012 is **AFFIRMED**.

Defendant-Appellant Daniel Lugo ("Lugo") appeals from a judgment of the United States District Court for the District of Vermont (Reiss, *C.J.*), entered April 18, 2012, challenging the district court's October 12, 2011 order denying Lugo's motion for judgment of acquittal following his conviction by jury for conspiracy to distribute over five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Lugo raises two issues on appeal: (1) the sufficiency of the evidence supporting the conspiracy conviction; and (2) the sufficiency of the evidence supporting the jury's determination that the conspiracy involved five or more kilograms of cocaine. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

"We review *de novo* a challenge to sufficiency of the evidence." *United States v. Naiman*, 211 F.3d 40, 46 (2d Cir. 2000). A defendant who seeks to overturn a conviction on sufficiency grounds faces a heavy burden. *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004). The test for sufficiency of the evidence is "whether a rational jury could conclude beyond a reasonable doubt that a defendant is guilty of the crime charged." *United States v. Eppolito*, 543 F.3d 25, 45 (2d Cir. 2008). A jury's verdict must be sustained if "*any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). We assess the evidence "in the light most favorable to the government, crediting all inferences in its favor," *United States v. Berger*, 224 F.3d 107, 116 (2d Cir. 2000) (citing *United States v. Moore*, 208 F.3d 411, 413 (2d Cir. 2000) (per curiam)), and "[a]ll issues of credibility, including the credibility of a cooperating witness, must be resolved in favor of the jury's verdict," *United States v. Riggi*, 541 F.3d 94, 108 (2d Cir. 2008) (citing *United States v. Glenn*, 312 F.3d 58, 64 (2d Cir. 2002)).

To prove that Lugo conspired to distribute cocaine, the government was required to show that Lugo "agreed with another to commit the offense; that he knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy; and that an overt act in furtherance of the conspiracy was committed." *United States v. Monaco*, 194 F.3d 381, 386 (2d Cir. 1999) (internal quotation marks and citation omitted). After reviewing the evidence, we conclude that the trial jury here had an ample basis on which to conclude that each of these elements was satisfied beyond a reasonable doubt.

Numerous witnesses directly implicated Lugo in the conspiracy stretching from early 2006 through 2009 and involving cocaine trafficking among Vermont, New York, and Arizona. While many of these witnesses were accomplices or cooperating witnesses, as Lugo acknowledges, the testimony of such witnesses can be wholly adequate to sustain a conviction. Indeed, "[a] conviction may be sustained on the basis of the testimony of a single accomplice, so long as that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt." *United States v. Diaz*, 176 F.3d 52, 92 (2d Cir. 1999) (quoting *United States v. Gordon*, 987 F.2d 902, 906 (2d Cir. 1993)) (alteration in original). Lugo's various claims that witnesses were inconsistent on

specific points are either belied by the record or fail to draw into question, much less render incredible on its face, the consistent testimony of multiple witnesses who observed Lugo cutting cocaine on several occasions or who accompanied him on trips to New York and Arizona to obtain it. The witness testimony, moreover, was corroborated by car rental and flight records. Assessing the evidence in the light most favorable to the government and resolving issues of credibility in favor of the jury's verdict, we agree with the district court that the government produced sufficient evidence to support the jury verdict finding Lugo guilty of the charged conspiracy.

Lugo next argues that the government failed to put forth consistent and reliable evidence sufficient for the jury to determine that he conspired to distribute more than five kilograms of cocaine.[*] We disagree. We have stated that drug quantity can be proven by "specific evidence" such as "drug records, admissions or live testimony." *United States v. Shonubi*, 998 F.2d 84, 89 (2d Cir. 1993). Here, one witness testified to accompanying Lugo on three to five trips to pick up cocaine, procuring one to two kilograms per trip. Another witness testified to joining Lugo on approximately ten trips to New York City, each time picking up one to two kilogram quantities. Three witnesses, giving consistent accounts, testified to accompanying Lugo on at least two trips to Arizona, each time returning with at least one kilogram of cocaine. Furthermore, five witnesses testified to watching Lugo cut or "stretch" the cocaine, often doubling the initial drug quantity from one kilogram to two. Based on this evidence, we agree with the district court that a rational jury

---

[*] In his brief, Lugo consistently argues that there was insufficient evidence to support a conviction for conspiracy to distribute more than *5000* kilograms of cocaine. However, Lugo was not charged with, or convicted of, conspiracy to distribute anywhere near that amount. The indictment charged a violation of 21 U.S.C. § 841(b)(1)(A), which provides increased penalties for conspiring to distribute *five* kilograms (that is, 5000 *grams*) or more of cocaine. We therefore construe his argument as a challenge to the sufficiency of the evidence to support his conviction for conspiracy to distribute five or more kilograms of cocaine.

could have found beyond a reasonable doubt that Lugo was guilty of conspiring to distribute over five kilograms of cocaine.

We have considered all of Defendant-Appellant's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk