# United States Court of Appeals
## For the First Circuit

No. 14-2022

UNITED STATES,

Appellee,

v.

EDUARDO SANTIAGO-RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Lynch, Selya, and Stahl,
Circuit Judges.

Jonathan G. Mermin and Preti, Flaherty, Beliveau & Pachios, LLP, on brief for appellant.
Sangita K. Rao, Attorney, Criminal Division, Appellate Section, United States Department of Justice, Damon King, Acting Chief, Criminal Division, Child Exploitation and Obscenity Section, United States Department of Justice, Amy Larson, Attorney, Criminal Division, Child Exploitation and Obscenity Section, United States Department of Justice, Leslie R. Caldwell, Assistant Attorney General, and Sung-Hee Suh, Deputy Assistant Attorney General, on brief for appellee.

November 9, 2015

LYNCH, **Circuit Judge**. Eduardo Santiago-Rivera pleaded guilty to nine counts of producing child pornography, 18 U.S.C. § 2251(a), and one count of possessing child pornography, 18 U.S.C. § 2252(a)(4)(B). Some of the pornography showed him having intercourse with one of the child victims. In exchange for his plea, the government agreed to recommend a sentence of between 35 and 40 years of imprisonment. While the recommended guidelines sentencing range provided for a term of life imprisonment, the combined statutory maximums for each of the ten counts totaled 280 years. See 18 U.S.C. §§ 2251(e), 2252(b)(2).

Santiago-Rivera's change of plea hearing, held on January 13, 2014, was nearly impeccable. The magistrate judge, before recommending acceptance of the plea agreement, engaged in an interactive colloquy with Santiago-Rivera, as required under Federal Rule of Criminal Procedure 11(b). Santiago-Rivera stated at the hearing that he had not recently been treated for mental illness, that he did not then have any psychiatric or psychological conditions, that he felt well physically and mentally, and that he believed that he understood the proceedings. Santiago-Rivera's counsel also stated that she believed that he was competent to understand the proceedings. After further questioning, the magistrate judge determined that Santiago-Rivera's plea was intelligent and voluntary and recommended its approval. The district court accepted the plea on February 11, 2014.

Santiago-Rivera's counsel filed an eleventh-hour motion requesting leave to withdraw his guilty plea on August 15, 2014, a full seven months after the change of plea hearing, and just ten days before the scheduled sentencing hearing. The motion failed to state in writing any grounds to support the request, and was denied without a hearing.

But counsel later moved for reconsideration, telling the court at sentencing that she would like to have the defendant state to the court in person the reasons for the motion. The district court obliged and heard the defendant and counsel, permitting them to explain at length the specific reasons why Santiago-Rivera wished to withdraw his guilty plea. Santiago-Rivera stated that, despite the assurances to the contrary that he and his attorney gave during his change of plea hearing, he had been "immersed in a severe depression" at the time and "was just beginning [his] treatment." When asked to provide evidence of this depression, Santiago-Rivera's counsel, who insisted that his plea was consequently involuntary, had nothing to give the court. The district court again denied the motion.

On appeal, Santiago-Rivera asks us to remand to the district court for an evidentiary hearing on his reconsideration motion to withdraw his guilty plea. We will not. On appeal, he would have us credit that "[t]he district court denied him the opportunity to present [his] proof." That is plainly false, as

the record demonstrates.  Reviewing for abuse of discretion, see United States v. Santiago Miranda, 654 F.3d 130, 137 (1st Cir. 2011), we find that the district court acted well within its discretion in denying a further evidentiary hearing beyond what was already done at sentencing.

We also decline to remand for an evidentiary hearing on Santiago-Rivera's ineffective assistance of counsel claim.  This is not one of those rare cases that presents "special circumstances," United States v. Vega Molina, 407 F.3d 511, 531 (1st Cir. 2005), justifying deviation from our general rule that "such claims 'must originally be presented to the district court' as a collateral attack under 28 U.S.C. § 2255," United States v. Colón-Torres, 382 F.3d 76, 84 (1st Cir. 2004) (quoting United States v. Ovalle-Márquez, 36 F.3d 212, 221 (1st Cir. 1994)).

The magistrate judge did advise Santiago-Rivera at his change of plea hearing that he faced a potential term of life imprisonment, which was technically an error given the applicable statutory maximums, see 18 U.S.C. §§ 2251(e), 2252(b)(2). Santiago-Rivera says that this was plain error that warrants vacating his plea.  But the "error" was neither plain nor prejudicial.  See United States v. Turbides-Leonardo, 468 F.3d 34, 39 (1st Cir. 2006). Santiago-Rivera was 45 at the time he pleaded guilty.  His actual sentencing exposure was 280 years, which is more than a term of life imprisonment, notwithstanding his

thoroughly fanciful argument that scientific discoveries might quadruple the average human lifespan.

We also recognize the severe prejudice that the government would face were Santiago-Rivera permitted to withdraw his guilty plea, and the burden that his victims would face were they forced to relive the trauma inflicted upon them so long after they believed this case had ended. See United States v. Isom, 580 F.3d 43, 52 (1st Cir. 2009) (identifying "prejudice to the government if the withdrawal is allowed" as a factor to be considered in determining whether to permit withdrawal). We accordingly reject his request for relief.

The judgment is affirmed.